**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-4465**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DELWON IRVIN ROBERTS,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:23-cr-00280-TDS-1)

———————————

Submitted:  April 24, 2025                  Decided:  April 28, 2025

———————————

Before RICHARDSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Mary Ann Courtney, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delwon Irvin Roberts appeals the 105-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  On appeal, Roberts argues that the district court procedurally erred by imposing an upwardly-variant sentence because it did not adequately consider that his advisory Sentencing Guidelines range of 77 to 96 months' imprisonment was largely driven by his significant criminal history.  Finding no error, we affirm.

We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted).  For a sentence to be procedurally reasonable, the "district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).  "The district court's sentencing explanation need not be exhaustive or robotically tick through the [18 U.S.C.] § 3553(a) factors." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (cleaned up).  Nonetheless, "the court's explanation must be sufficient to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *Id.* (internal quotation marks omitted).

Here, the district court observed that although Roberts was only 23 years old, he had an extensive criminal record that consistently involved firearms.  The court found that three days prior to Roberts's possession of the firearm underlying the instant offense, he

2

was involved in a melee in which "his first reaction in how to resolve the fight [was] to pull a handgun on somebody." (J.A. 118).[*] The court emphasized that the offense and relevant conduct occurred just weeks after Roberts finished a supervised release term for a previous felon-in-possession conviction. And while the court acknowledged Roberts's mental health struggles, difficult upbringing, and participation in a "scared straight" program, the court explained that such mitigating factors did not excuse Roberts's failure to follow the law.

The district court further observed that Roberts had no employment history, had not earned his GED, and seemed "proud" to be associated with a gang. (J.A. 139). The court emphasized the need to protect the public, highlighting Roberts's willingness to escalate his crimes by involving firearms, as well as an incident in a correctional facility where Roberts stabbed another inmate. The court thus concluded that it would "vary upward slightly to 105 months," explaining, "the upward variance is an added measure of deterrence and also to protect the public, given [Roberts's] violent tendencies." (J.A. 145).

Roberts complains that the district court used his criminal history to justify its upward variance, even though his correctly calculated Guidelines range fully accounted for his past criminal conduct. But the court's thorough explanation demonstrates that it did not rely solely on Roberts's criminal history when deciding to impose a sentence nine months above Roberts's Guidelines range. Furthermore, it is clear that the court "considered [Roberts's] arguments and ha[d] a reasoned basis for exercising its own legal

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

3

decisionmaking authority." *Friend*, 2 F.4th at 379 (internal quotation marks omitted). We thus conclude that Roberts's sentence is procedurally reasonable.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*